The opinion of the Court was delivered by
Wardlaw, J.
In the case commenced in Anderson District by writ of attachment, an order was made at Anderson, in open Court, at March Term last, by Judge Moses,by which “the writ was set aside ” on a ground set forth in the order. This order was a judicial act instantly operative. Notice of appeal from it was given, and if the appeal had been prosecuted and been successful, the order would have been reversed, and the case would have been restored to the state it was in immedi *127 ately before the order was granted. If the appeal had been prosecuted and bad failed, the motion made by it would have been dismissed, and the order would have continue^ effective. The neglect to docket the appeal at the sitting of the Court of Appeals next after the notice, was in effect an abandonment of it equivalent to its dismissal. Tongue vs. Gist, 1 N. & McC. 110. The order was in its nature executed and final, requiring no further process or action on the part of the defendant. It is now availing, and to hold that it has not been so ever since it was made, would be holding that a party may at bis pleasure suspend an order of Court until the next sitting of the Court of Appeals, and that then somehow, without confirmation of the order or formal removal of the suspension, efficacy may be restored to the order by neglect of the party who had arrested it. We desire not to enter now into a consideration of the general effect of notice of appeal, nor to attempt a distinction between the cases, if any, in which the notice operates as a supersedeas and other cases in which it does not. See Pell vs. Ball, 1 Rich. Eq. 361. It is enough in this case to notice its' exact similarity to the case of Trimmer and Trail, 2 Bail. 483, and conformably thereto to perceive that no other suit was pending when the suit in Charleston was commenced.
We are brought to the examination of the plaintiff’s affidavit. The Act of 1861, commonly known as the Stay Law, 13 Stat. 18, was continued by successive enactments year after year, and was of force when the contract sued in this case was entered into, and when this suit was commenced. The general provision of tbe Act made unlawful the service or execution of any process mesne or final; a special exception is admitted by the second section, which requires, amongst other things, an affidavit that the debtor “has absconded or is about ‘to abscond, or is removing or is about to remove bis property ,beyond the limits of this State, or is fraudulently disposing of the same.” He who would entitle himself to the peculiar privilege granted by the *128 exception must conform strictly to its requirements. The plaintiff swears that “ said Miller intends to depart from the State, and to abscond, carrying' with him his property, without satisfying deponent’s claim, with intent to defraud him.” Now here is a very distinct imputation to the defendant of a fraudulent purpose: there is, moreover, a near approach to the averment of two of the several conditions, any one of which would serve, that he "is about to abscond,” or that “he is about to remove his property beyond the limits of the State.” But there is insufficiency to the extent of the difference between about and intend. About, as used in the Act, implies either being engaged in, or being on the verge or point of, an act; but intend conveys only the idea of purpose, the execution of which may be designed at a time .indefinitely future. This defendant may have intended to leave the State with his property at the end of the year, and may have declared this purpose and with it his determination to defraud the plaintiff; but all this set forth would not come up to the requirements of the Act.
The affidavit in this case is somewhat like that in the case of Barry vs. Iseman, in which at this term the Court of Errors held the Stay Law to be constitutional with respect to contracts entered into since its enactment. There the distinction between about and intend was influential, and here the insufficiency of an affidavit less objectionable than the one there considered must rest upon that distinction.
The orders made by the Circuit Judge meet the approbation of this Court, as do most of the observations he has made concerning them;
The motions are dismissed.
Dunkin, C. J., and Inglis, A. J., ‘concurred.

Motions dismissed.